1

2

3

Kelly K. LoCascio, Esq., SBN 022793
Randy A. McCaskill, Esq. SBN 024472
8014 E. McClain, Suite 220
Scottsdale, Arizona 85260
Telephone:  (877) 264-3570
Facsimile: (888) 883-9506
klocascio@angelmedflight.com
rmccaskill@angelmedflight.com

4

5

6

7

Attorneys for Plaintiff

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

10

11

12

Aviation West Charters, Inc., a Colorado
Corporation, and as assignee of Jane Doe,

Case No.:

13

Plaintiff,

**COMPLAINT**

14

v.

15

16

17

18

19

United Healthcare Insurance Company, a
Connecticut corporation; Renaud, Cook,
Drury, Mesaros, PA Welfare Benefit Plan;
and Renaud, Cook, Drury, Mesaros, PA in its
capacity as Plan Administrator of the
Renaud, Cook, Drury, Mesaros, PA Welfare
Benefit Plan, an Arizona corporation,

20

Defendants.

21

22

23

24

25

    For its Complaint against Defendants UnitedHealthcare Insurance Company,

Renaud, Cook, Drury, Mesaros, PA Welfare Benefit Plan, and Renaud, Cook, Drury,

Mesaros, PA in its capacity as Plan Administrator of the Plan (collectively,

"Defendants"), Plaintiff Aviation West Charters, Inc. states and alleges as follows:

26

27

28

**PARTIES**

1.     Plaintiff Aviation West Charters, Inc. ("ERISA Claimant") is a Colorado corporation authorized to do business in the State of Arizona with its principal place of business in Scottsdale, Arizona.

2.     Defendant UnitedHealthcare Insurance Company ("UHC") is licensed and does business in the State of Arizona. UHC is named as the Claims Fiduciary of the Renaud, Cook, Drury, Mesaros, PA Welfare Benefit Plan and has the sole and exclusive discretionary authority to make all administrative decisions for the Renaud, Cook, Drury, Mesaros, PA Welfare Benefit Plan including interpreting its terms, making factual determinations related to benefits, and paying benefits. UHC is, therefore, a *de facto* plan administrator as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002. UHC is also a fiduciary of the Renaud Cook Drury Mesaros, PA Welfare Benefit Plan pursuant to 29 U.S.C § 1002(21)(A). At all times relevant hereto, UHC acted on behalf of all Defendants.

3.     Defendant Renaud, Cook, Drury, Mesaros, PA Welfare Benefit Plan (the "Plan") is an Employee Health Benefit Plan as defined in ERISA, 29 U.S.C. § 1002. The Plan provides healthcare benefits to Arizona residents who are "Subscribers" or "Enrolled Dependents" of the Plan.

4.     Defendant Renaud, Cook, Drury, Mesaros, PA ("RCDM") is an Arizona corporation authorized to do business in the State of Arizona. RCDM is the named Plan Administrator and Fiduciary of the Plan. At all relevant times, RCDM provided health insurance benefits to Jane Doe pursuant to the Plan.

5.     At all relevant times, Jane Doe[1] was an "Enrolled Dependent" and a "Covered Person" as defined by the Plan's Certificate of Coverage. At all relevant

---

[1] In compliance with HIPAA, the true name of the beneficiary is withheld and will be provided to Defendants outside of the publicly filed pleadings. The relevant UHC claim numbers assigned to Jane Doe's matter are pled herewithin.

times, Jane Doe's spouse was the "Subscriber" as defined by the Plan's Certificate of Coverage. Jane Doe assigned her healthcare benefits under the Plan to ERISA Claimant, and appointed ERISA Claimant as her authorized representative for the benefits sought herein. ERISA Claimant is an assigned "participant" and "beneficiary" as defined by 29 U.S.C. §§ 1002(7) and (8) and is entitled to all of the rights available to Jane Doe under the Plan. As such, ERISA Claimant is entitled to enforce Jane Doe's claims as a participant and beneficiary of the Plan.

### JURISDICTION AND VENUE

6.     This Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(e) and (f) and 28 U.S.C. § 1331.

7.     Venue is proper under 29 U.S.C. § 1132(e) because Defendants are found in, and this matter arises from events occurring in, this District.

### FACTUAL ALLEGATIONS

8.     ERISA Claimant is a worldwide fixed-wing air ambulance service provider that utilizes medically customized specialty aircraft to transport critically ill and injured individuals.

9.     ERISA Claimant's services include but are not limited to ground and air ambulance transportation of an individual to a healthcare facility, as well as medical service providers (*i.e.* critical care flight physicians, nurses, and paramedics) who care for the individual throughout the entire transport.

10.     At the time relevant hereto, Jane Doe was a 58-year-old female with a history of ovarian cancer with metastatic disease to the lungs and spine who was receiving ongoing pleural effusion, chemotherapy, and oncological treatment.

11.     On January 10, 2013, with the clearance of her treating physician, Jane Doe traveled from Phoenix, Arizona to Kauai, Hawaii.

12.     Thereafter, Jane Doe's medical condition dramatically deteriorated

1  eventually requiring her to be transported back from Kauai to Scottsdale Healthcare

2  Osborn Hospital in Scottsdale, Arizona.

3        13.     On January 16, 2013, ERISA Claimant was engaged to provide Jane Doe

4  ground and air ambulance transportation from Kauai to Scottsdale Healthcare Osborn.

5        14.     ERISA Claimant transported Jane Doe in a specially equipped Gulfstream

6  III air ambulance with a critical care flight physician and nurse from Kauai to Scottsdale

7  January 16-17, 2013. ERISA Claimant delivered Jane Doe bedside at Scottsdale

8  Healthcare Osborn Hospital at 1:20 a.m. on the morning of January 17, 2013.

9        15.     ERISA Claimant, as the assigned participant and beneficiary, submitted

10  post-service claims to UHC in the amount of $682,510.00 for the services rendered to

11  Jane Doe. The post-service claim for the ground and specialty care portion of the

12  transport was submitted on February 12, 2013. The post-service claim for the air portion

13  of the transport was submitted on March 24, 2013.

      16.     Upon receipt of the post-service claims, UHC assigned claim numbers

14  #3114962998 and #4173133792 to them.

15        17.     Thereafter, UHC determined the services were medically necessary and

16  allowed payment in the amount of $607,419.00 for the services. UHC then issued three

17  separate checks to ERISA Claimant for its services as follows: (i) Check No.

18  QC05681125 on March 18, 2013 in the amount of $56,250.00; (ii) Check No.

19  QC06405712 on July 12, 2013 in the amount $374,328.81, which included $10,269.81

20  for interest as a result of untimely payment; and (iii) Check No. QC06436827 on July

21  18, 2013 in the amount of $187,413.11, which included $303.11 in interest as a result of

22  untimely payment. In aggregate, UHC paid ERISA Claimant $617,991.92 for the

23  services.

24        18.     UHC honored Jane Doe's assignment of benefits to ERISA Claimant by

25  making the above-stated payments directly to and in the name of ERISA Claimant.

26        19.     On December 16, 2013, UHC issued to ERISA Claimant an Explanation

27

28

1
2
3
4
5
6

of Benefits ("EOB") in another unrelated healthcare claim(s) for an entirely different participant(s) stating there was an alleged overpayment made on Jane Doe's claims in the amount of $139,734.00 and that the $139,734.00 owed on the other unrelated healthcare claim(s) had been recouped to repay to UHC the alleged overpayment on Jane Doe's claims. ERISA Claimant received the December 16, 2013 EOB on December 27, 2013.

7
8
9

20.     The December 16, 2013 EOB was the first time UHC provided ERISA Claimant or Jane Doe notice of UHC's contention that it overpaid on the Jane Doe claims.

10
11
12
13

21.     The only explanation given by UHC in the December 16, 2013 EOB regarding the overpayment to ERISA Claimant was that "[t]he amount payable for this Explanation of Benefits has been used to reduce an overpayment made on the given claim(s). Please adjust your patient account balance accordingly."

14
15
16
17
18

22.     Thereafter, UHC continued to issue EOBs in other unrelated healthcare claims for entirely different subscribers alleging an overpayment was made on Jane Doe's claims and recouping funds owed by UHC in those unrelated claims. In each of those circumstances, UHC's only explanation was "[t]he amount payable for this Explanation of Benefits has been used to reduce an overpayment made on the given claim(s). Please adjust your patient account balance accordingly."

19
20
21
22

23.     To date, UHC has recouped from ERISA Claimant a total of at least $614,259.00 without ever providing any further written explanation to ERISA Claimant or Jane Doe as to its rationale for determining there had been an overpayment on the Jane Doe claims.

23
24
25
26

24.     Following receipt of the December 16, 2013 EOB, ERISA Claimant placed four separate calls to UHC between December 27, 2013 and January 3, 2014 seeking an explanation as to UHC's rationale for the recoupments. The calls were assigned call reference numbers C32651329562953, C40031145385699,

27
28

C40031013343805, and C4031145385699 by UHC. In each of the calls, UHC admitted it did not send a written notice of adverse benefit determination to ERISA Claimant or Jane Doe stating there had been an overpayment of benefits on the Jane Doe claims.

25.     To date, UHC has not sent a written notice of retroactive adverse benefit determination to ERISA Claimant or Jane Doe.

26.     In the case of seeking recoupment, the Plan's Certificate of Coverage only gives Defendants the express right to seek refunds of overpayments from the Plan "Subscriber" through the reduction of "the amount of any future Benefits for the Covered Persons that are payable under the Policy"—not from other participants' policies.

27.     A Plan "Subscriber" is defined as "an Eligible Person who is properly enrolled under the Policy. The Subscriber is the person (who is not a Dependent) on whose behalf the Policy is issued to the Enrolling Group."

28.     "Covered Persons" under the Plan are defined by the Certificate of Coverage as "either the Subscriber or an Enrolled Dependent, but this term applies only while the person is enrolled under the Policy."

29.     ERISA Claimant is not a Subscriber or Covered Person under the Plan.

30.     UHC recouped money owed to ERISA Claimant in its capacity as assigned participant and beneficiary of unrelated healthcare claims for entirely different subscribers who were neither a Subscriber nor a Covered Person under the Plan.

31.     The Plan's Certificate of Coverage does not provide UHC with authority to recoup from ERISA Claimant any overpaid funds on the Jane Doe Claims, from amounts payable under other subscribers' policies or plans.

32.     None of the other participants' policies or plans provide UHC with authority to offset or reduce those participants'' benefits in order to recoup the overpaid money on the Jane Doe claims.

33.     ERISA Claimant has performed all its required obligations to provide

healthcare services to Jane Doe and for which ERISA Claimant has sought payment from Defendants as the as assigned participant and beneficiary of Jane Doe's benefits.

## COUNT I
### 29 C.F.R. § 2560.503-1(f)

34.     Plaintiff incorporates and re-alleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

35.     The statement by UHC in unrelated participants' Explanations of Benefits that amounts rightfully owed to ERISA Claimant as assigned participant and beneficiary for healthcare services provided to the other participants' were being withheld as part of a recoupment on Jane Doe's claims constituted an adverse benefit determination as defined by 29 C.F.R § 2560.503-1(m)(iii)(4).

36.     Defendants are subject to the notification of benefit determination timing requirements set forth in 29 C.F.R § 2560.503-1(f), and have a fiduciary duty to the Plan's participants and beneficiaries to abide by those requirements.

37.     Pursuant to 29 C.F.R § 2560.503-1(f)(iii)(B), Defendants were required to notify ERISA Claimant, as assigned participant and beneficiary, of any adverse benefit determination regarding the post-service claims for Jane Doe no later than thirty (30) days after receipt of the claim (*i.e*. by April 23, 2013).

38.     Alternatively, pursuant to 29 C.F.R § 2560.503-1(f)(1), Defendants were required to notify ERISA Claimant, as assigned participant and beneficiary, of any adverse benefit determination regarding the post-service claims for Jane Doe no later than ninety (90) days after receipt of the claims (*i.e*. by June 22, 2013).

39.     Defendants' first written notice to ERISA Claimant or Jane Doe that it had retroactively denied benefits previously paid on the Jane Doe claims was on December 27, 2013 (the date ERISA Claimant received the December 16, 2013 EOB), over three hundred (300) days after ERISA Claimant submitted the first post-service claim.

1    40.    Defendants failed to provide ERISA Claimant, as assigned participant and

2  beneficiary, a timely retroactive adverse benefit determination as required by 29 C.F.R

3  § 2560.503-1(f).

4    41.    Defendants breached their fiduciary duties owed to ERISA Claimant, as

5  assigned participant and beneficiary, and acted wrongfully in making a retroactive

6  adverse benefit determination on the Jane Doe claims and recouping funds paid directly

7  to ERISA Claimant.

8    42.    Defendants acted without legal authority and are therefore barred and

9  estopped under ERISA regulations from making any adverse benefit determination on

10  the Jane Doe claims any time later than May 20, 2013. As a result, Defendants are

11  required to repay ERISA Claimant, with interest, all monies they have recouped as a

12  result of failing to timely make an adverse benefit determination as required by 29

13  C.F.R § 2560.503-1(f).

**COUNT II**
**29 U.S.C. § 1133(1) & 29 C.F.R. § 2560.503-1(g)**

14

15    43.    Plaintiff incorporates and re-alleges each and every allegation contained

16  in the foregoing paragraphs as if set forth fully herein.

17    44.    Defendants are subject to the claims procedure requirements set forth in

18  29 U.S.C. § 1133(1) and 29 C.F.R § 2560.503-1(g) and have a fiduciary duty to their

19  participants and beneficiaries to abide by those requirements.

20    45.    Pursuant to 29 U.S.C. § 1133(1), Defendants are required to provide

21  adequate notice in writing to any participant or beneficiary whose claim for benefits

22  under the plan has been denied, set forth the specific reasons for such denial, and

23  communicate the reasons in a written manner calculated to be understood by the

24  participant or beneficiary.

25    46.    Pursuant to 29 C.F.R § 2560.503-1(g)(1), Defendants were required to

26  provide ERISA Claimant, as assigned participant and beneficiary, with an adverse

27

28

1   benefit determination that set forth: "(i) the specific reason or reasons for the adverse

2   determination; (ii) reference to the specific plan provisions on which the determination

3   was based; (iii) a description of any additional material or information necessary for the

4   claimant to perfect the claim and an explanation of why such material or information is

5   necessary; and (iv) a description of the plan's review procedures and the time limits

6   applicable to such procedures, including a statement of the claimant's right to bring a

7   civil action under section 502(a) of the ERISA Act following an adverse benefit

8   determination on review."

9        47.    Defendants failed to provide ERISA Claimant, as assigned participant and

10  beneficiary, with any notice that they had retroactively denied coverage under the Plan

11  for the services rendered by ERISA Claimant to Jane Doe. Further, Defendants did not

12  provide any specific reasons for such a denial.

13       48.    UHC's statement to ERISA Claimant in the Explanations of Benefits for

14  other unrelated healthcare claims of entirely different participants that UHC was

15  withholding money owed to ERISA Claimant on those unrelated healthcare claims, was

16  not sufficient notice under 29 U.S.C. § 1133(1) or 29 C.F.R § 2560.503-1(g) to notify

17  ERISA Claimant of Defendants' retroactive adverse benefit determination for the

18  services rendered by ERISA Claimant to Jane Doe.

19       49.    Defendants breached their fiduciary duty and acted wrongfully by

20  enforcing a retroactive adverse benefit determination and recouping funds paid to

21  ERISA Claimant without providing ERISA Claimant proper notice of the adverse

22  benefit determination.

23       50.    Defendants acted without legal authority and are therefore barred and

24  estopped from taking any action with respect to enforcing a retroactive adverse benefit

25  determination on the Jane Doe claims. As a result, Defendants are required to repay

26  ERISA Claimant, with interest, all monies they have recouped as a result of their failure

27

28

1   to comply with the legal requirements of 29 U.S.C. § 1133(1) and 29 C.F.R § 2560.503-

2   1(g).

3   **COUNT III**
    **29 U.S.C. § 1133(2) & 29 C.F.R. § 2560.503-1(h)**
4

5        51.    Plaintiff incorporates and re-alleges each and every allegation contained

6   in the foregoing paragraphs as if set forth fully herein.

7        52.    Defendants are subject to the adverse benefit determination appeal

8   requirements set forth in 29 U.S.C. § 1133(2) and 29 C.F.R § 2560.503-1(h) and must

9   provide a process that gives full and fair review of such appeals to participants and

10  beneficiaries. In addition, Defendants have a fiduciary duty to their participants and

11  beneficiaries to abide by those requirements.

12       53.    Pursuant to 29 U.S.C. § 1133(2), Defendants are required to "afford a

13  reasonable opportunity to any participant whose claim for benefits has been denied for a

14  full and fair review by the appropriate named fiduciary of the decision denying the

15  claim."

16       54.    Pursuant to 29 C.F.R § 2560.503-1(h)(1), Defendants are required to

17  "establish and maintain a procedure by which the claimant shall have a reasonable

18  opportunity to appeal an adverse benefit determination to the appropriate named

19  fiduciary of the plan, and under which there will be a fair and full review of the claim

20  and the adverse benefit determination."

21       55.    Pursuant to 29 C.F.R § 2560.503-1(h)(2), Defendants must provide

22  claimants an appeal process which provides, in pertinent part: "(i) … at least 60 days

23  following receipt of notification of an adverse benefit determination within which to

24  appeal the determination; (ii)…the opportunity to submit written comments, documents,

25  records, and other information relating to the claim for benefits; (iii)...upon request and

26  free of charge, reasonable access to, and copies of, all documents, records, and other

27  information relevant to the claimant's claim for benefits…; [and] (iv)…a review that

28

10

takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination."

56.    In recouping funds from ERISA Claimant without notice of the adverse benefit determination, Defendants breached their fiduciary duty by denying ERISA Claimant, as assigned participant and beneficiary, the right to appeal the retroactive adverse benefit determination made by Defendants. Defendants also breached their fiduciary duty by denying ERISA Claimant, as assigned participant and beneficiary, a process for fair and full review as required by 29 U.S.C. § 1133(2) and 29 C.F.R § 2560.503-1(h).

57.    Defendants acted without legal authority and are therefore barred and estopped from taking any action with respect to enforcing a retroactive adverse benefit determination on the Jane Doe claims. As a result, Defendants are required to repay ERISA Claimant, with interest, all monies they have recouped as a result of their failure to comply with the legal requirements of 29 U.S.C. § 1133(2) and 29 C.F.R § 2560.503-1(h).

**COUNT IV**
**29 U.S.C. § 1132**

58.    Plaintiff incorporates and re-alleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

59.    Defendants are subject to the rules and regulations set forth in 29 U.S.C. § 1132 for any action to seek reimbursement of allegedly overpaid monies to participants or beneficiaries  and have a fiduciary duty to their participants and beneficiaries to abide by those requirements.

60.    Defendants' multiple recoupments from ERISA Claimant, as assigned participant and beneficiary, constitute actions for equitable relief under ERISA. Defendants' exclusive equitable remedy under ERISA for enforcing the collection of

1
2
any overpaid monies from participants or beneficiaries are set forth in 29 U.S.C. § 1132(a)(3).

3
4
5
61.    29 U.S.C. § 1132(a)(3) does not allow Plans, Plan Administrators, or Fiduciaries to seek reimbursement of allegedly overpaid benefits from a participant or beneficiary by means of unilateral recoupment from unrelated third-party claims.

6
7
8
9
10
62.    Defendants breached their fiduciary duty owed to ERISA Claimant, as assigned participant and beneficiary, and acted wrongfully by enforcing the collection of allegedly overpaid benefits on the Jane Doe claims from ERISA Claimant by offsetting or reducing other participants' benefits in order to recoup the allegedly overpaid benefits on the Jane Doe claims.

11
12
13
14
15
16
63.    Defendants acted without legal authority and are therefore barred and estopped from unilaterally seeking reimbursement of allegedly overpaid benefits to ERISA Claimant, as assigned participant and beneficiary, by means of recoupment from unrelated third-party claims. As a result, Defendants are required to repay ERISA Claimant, with interest,  all monies they have recouped as a result of their failure to comply with the legal requirements of 29 U.S.C. § 1132.

17
18
**COUNT V**
**Federal Common Law Estoppel**

19
20
64.    Plaintiff incorporates and re-alleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

21
22
23
65.    Defendants' exclusive federal common-law authority to seek refund of overpayment from Covered Persons through the recoupment of funds otherwise payable is set forth in the Certificate of Coverage.

24
25
26
27
66.    Pursuant to the terms of the Certificate of Coverage, Defendants may only recoup the amount of any future benefits from a "Subscriber" related to a "Covered Person" payable under the "Covered Person's" policy and not from providers or other participants under third-party policies.

28

67.     Defendants therefore acted wrongfully by enforcing the collection of allegedly overpaid benefits on the Jane Doe claims from ERISA Claimant by offsetting or reducing other participants' benefits in order to recoup the allegedly overpaid benefits on the Jane Doe claims.

68.     Defendants acted without legal authority and are therefore contractually barred and estopped by the Certificate of Coverage from seeking to recoup allegedly overpaid benefits on the Jane Doe claims from payments due by UHC to ERISA Claimant, in its capacity as assigned participant and beneficiary for other participants under unrelated third-party policies. As a result, Defendants are required to repay ERISA Claimant, with interest, all monies they have recouped as a result of their wrongful actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Aviation West Charters, Inc. demands judgment against Defendants UnitedHealthcare Insurance Company, the Renaud, Cook, Drury, Mesaros, PA Welfare Benefit Plan, and Renaud, Cook, Drury, Mesaros, PA in its capacity as Plan Administrator of the Plan as follows:

A.     Declaring Defendants violated 29 C.F.R § 2560.503-1(f) claim procedures by making an adverse benefit determination after May 20, 2013;

B.     Declaring Defendants violated 29 U.S.C. § 1133(1) and 29 C.F.R § 2560.503-1(g) claim procedures by failing to issue a proper adverse benefit determination;

C.     Declaring Defendants violated 29 U.S.C. § 1133(2) and 29 C.F.R § 2560.503-1(h) claim procedures by failing to give Plaintiff, as assigned participant and beneficiary, an opportunity for full and fair review of the adverse benefit determination;

D.    Declaring Defendants violated 29 U.S.C. § 1132(3) by seeking enforcement of allegedly overpaid benefits on the Jane Doe claims by the unilateral recoupment of monies owed to Plaintiff in its capacity as assigned participant and beneficiary for other participants on unrelated third-party claims with UHC;

E.    Declaring Defendants acted without contractual authority to seek reimbursement from Plaintiff of allegedly overpaid benefits on the Jane Doe claims through unilateral recoupment of monies owed to Plaintiff in its capacity as assigned participant and beneficiary for other participants on unrelated third-party claims with UHC;

F.    Declaring Defendants are barred and estopped from recouping any allegedly overpaid benefits on the Jane Doe claims from Plaintiff absent complying with 29 C.F.R § 2560.503-1, 29 U.S.C. § 1132, and the terms of the Plan;

G.    Enjoining Defendants from pursuing or continuing to pursue recoupment efforts against Plaintiff for monies allegedly overpaid to Plaintiff on the Jane Doe claims;

H.    Ordering Defendants to return to Plaintiff all monies recouped on the Jane Doe claims in the sum of not less than $614,259.00, together with interest thereon at the highest rate allowable by law from the date the amount recouped was due and payable to Plaintiff;

I.    Ordering Defendants to disgorge all profits realized from the use of the money wrongfully taken and held from Plaintiff;

J.    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

K.    Awarding such other and further relief as the Court deems just and proper.

14

1

DATED this 20th day of February, 2014.

2

3                                                    By      /s/ *Randy A. McCaskill*
                                                              Kelly K. LoCascio, Esq.
4                                                             Randy A. McCaskill, Esq.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28