**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aviation West Charters, Inc., <br><br> Plaintiff, <br><br> v. <br><br> United Healthcare Insurance Company, et al., <br><br> Defendants. | No. CV-14-00338-PHX-NVW <br><br> **ORDER** |

Before the Court is United Healthcare Insurance Company's Motion for Summary Judgment (Doc. 36).

**I.     LEGAL STANDARD**

Summary judgment is proper if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must produce evidence and show there is no genuine issue of material fact. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To defeat a motion for summary judgment, the nonmoving party must show that there are genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). On summary judgment, the nonmoving party's evidence is presumed true, and all inferences from the evidence are drawn in the light most favorable to the nonmoving party. *Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987); *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001).

But the evidence presented by the parties must be admissible. LRCiv 56.1(a), (b); *see* Fed. R. Civ. P. 56(c). Allegations in an unverified complaint are not admissible evidence. Conclusory and speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. 56(e)(2).

## II.  UNDISPUTED MATERIAL FACTS

Defendant United Healthcare Insurance Company ("United") is the insurer and administrator of the Renaud, Cook, Drury, Mesaros, PA Welfare Benefit Plan ("Plan"), which is an employee-sponsored benefit and welfare plan. The Beneficiary, who is identified in the Complaint as "Jane Doe," is eligible to receive benefits under the Plan as an "enrolled dependent." Plaintiff Aviation West Charters, Inc. is not a member of United's network of contracted health care providers.

In January 2013, the Beneficiary went to Kauai for a vacation. On January 16, 2013, the Beneficiary requested approval of air transport. On January 16, 2013, Plaintiff transported the Beneficiary and her family members from their hotel in Kauai to Scottsdale Healthcare Osborn in Arizona via ground and private air transportation. Plaintiff submitted post-service claims to United seeking payment of $682,510.00 for the transportation services it provided.

On January 19, 2013, United sent the Beneficiary a letter, with a copy to Plaintiff, stating that, based on the information submitted to United, the transportation services were not eligible expenses under the Plan. On July 12 and 18, 2013, United made payments to Plaintiff in the amounts of $374,328.81 and $187,413.11, respectively, related to the transportation services. In December 2013, United issued five separate Provider Explanation of Benefits statements to Plaintiff, informing Plaintiff that it was

recouping the amounts paid for the transportation services by reducing the amount of funds that were otherwise payable to Plaintiff for other claims it had submitted to United.

The Plan includes the following provisions:

You may not assign your Benefits under the Policy to a non-Network provider without our consent.  When an assignment is not obtained, we will send the reimbursement directly to you (the Subscriber) for you to reimburse them upon receipt of their bill.  We may, however, in our discretion, pay a non-Network provider directly for services rendered to you.  In the case of any such assignment of Benefits or payment to a non-Network provider, we reserve the right to offset Benefits to be paid to the provider by any amounts that the Provider owes us.

When you assign your Benefits under the Policy to a non-Network provider with our consent, and the non-Network provider submits a claim for payment, you and the non-Network provider represent and warrant the following:

- The Covered Health Services were actually provided.
- The Covered Health Services were medically appropriate.

On February 20, 2014, Plaintiff initiated this lawsuit, alleging subject matter jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e) and (f).  The Complaint asks the Court to declare that Defendants violated certain ERISA requirements, enjoin Defendants from continuing to pursue recoupment efforts against Plaintiff related to the Beneficiary claims, order Defendants to return to Plaintiff all monies recouped, and other relief.

On September 5, 2014, United moved for summary judgment on the grounds that Plaintiff has no cause of action under ERISA and, further, Plaintiff did not exhaust necessary administrative remedies.  Plaintiff contends it may bring ERISA claims under an assignment of benefits from the Beneficiary, even though United did not consent to an assignment, because the anti-assignment provision is ambiguous, therefore unenforceable, and, even if enforceable, United waived its right to invoke the provision.

### III. ANALYSIS

Under 29 U.S.C. § 1132(a), a civil enforcement action may be brought only by a plan participant, beneficiary, fiduciary, or the Secretary of Labor.  A non-participant health care provider cannot bring claims for benefits on its own behalf, but must do so derivatively, relying on its patients' assignments of their benefits claims.  *Spinedex Physical Therapy USA, Inc. v. United Healthcare of Arizona, Inc.*, __ F.3d __, 2014 WL 5651325, at *2 (9th Cir. Nov. 5, 2014); *Davidowitz v. Delta Dental Plan*, 946 F.2d 1476, 1477 (9th Cir. 1991) (health care provider with a valid assignment from a beneficiary may bring a civil action for non-payment).  But an ERISA plan may restrict assignments: "Anti-assignment clauses in ERISA plans are valid and enforceable."  *Spinedex*, 2014 WL 5651325, at *10 (citing *Davidowitz*, 946 F.2d at 1481).

Plaintiff is not a plan participant, beneficiary, or fiduciary and therefore has no cause of action under ERISA without an assignment.  The Complaint alleges that the Beneficiary assigned her healthcare benefits under the Plan to Plaintiff and appointed Plaintiff as her authorized representative.  It further alleges that Plaintiff is an assigned "participant" and "beneficiary" as defined by 29 U.S.C. § 1002(7) and (8) and entitled to all of the Beneficiary's rights under the Plan.  However, Plaintiff has not offered any evidence of the alleged assignment.

Even if the Beneficiary did attempt to assign her benefits and rights under the Plan, the Plan states:  "You may not assign your Benefits under the Policy to a non-Network provider without our consent."  Plaintiff is a non-Network provider, and United did not consent to an assignment.  Any purported assignment without consent is invalid for purposes of giving Plaintiff a federal cause of action under ERISA.

Plaintiff contends that the Plan's anti-assignment provision cannot be enforced because it is ambiguous.  Plaintiff finds it confusing that the provision says if United does not consent to an assignment, it will send payment to the beneficiary who can then pay the non-Network provider, but it retains discretion to choose to pay the non-Network

provider directly. Plaintiff contends that United's exercise of discretion to send payment directly to a non-Network provider is the equivalent of consent to the assignment, but the provision could mean that United has discretion to pay whomever it wants notwithstanding the assignment prohibition. The first interpretation is contradicted by the subsequent reference to assignment and direct payment as alternatives, not equivalents. Moreover, interpreting the provision to mean that United's exercise of discretion overrules its denial of consent would be illogical. The provision states that any assignment requires United's consent and, without an assignment, United may choose to pay the claim through the beneficiary or directly to the non-Network provider. *See Spinedex*, 2014 WL 5651325, at *10 (construing a similar anti-assignment provision). Thus, the anti-assignment provision is not ambiguous.

Plaintiff also contends that United waived its right to enforce the anti-assignment provision by making direct payment to Plaintiff and by communicating directly with Plaintiff. The anti-enforcement provision expressly authorized United's discretion to make direct payment to Plaintiff. Regarding other actions claimed to be inconsistent with intent to enforce the anti-assignment provision, Plaintiff has submitted no evidence of United's alleged actions constituting waiver. As summarily described in Plaintiff's response, the alleged actions appear to be communications regarding claims made by Plaintiff, payments made to Plaintiff, and recoupment from Plaintiff, which likely would not show that United dealt with Plaintiff as though it were "standing in the shoes" of the Beneficiary. There is no evidence upon which to conclude that United waived its right to enforce the anti-assignment provision.

Plaintiff does not have a cause of action under ERISA because it is not a plan participant, beneficiary, or fiduciary and does not have a valid assignment of benefits from the Beneficiary under the Plan. This conclusion does not foreclose any state law claim, such as one for unjust enrichment, for which the Court declines to exercise supplemental jurisdiction. The Court declines to decide whether Plaintiff exhausted

administrative remedies required by ERISA because Plaintiff does not have a cause of action under ERISA.

IT IS THEREFORE ORDERED that United Healthcare Insurance Company's Motion for Summary Judgment (Doc. 36) is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendants and against Plaintiffs on any federal law claims. Any state law claims are dismissed without prejudice for lack of federal subject matter jurisdiction. The Clerk shall terminate this case.

Dated this 10th day of November, 2014.

Neil V. Wake
United States District Judge