**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aviation West Charters, Inc., | No. CV-14-00338-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| United Healthcare Insurance Company, et al., | |
| Defendants. | |

Before the Court is Defendant United Healthcare Insurance Company's Motion for Attorneys' Fees (Doc. 49) and the Motion for Attorneys' Fees of Defendants Renaud Cook Drury Mesaros, P.A. Welfare Benefit Plan and Renaud Cook Drury Mesaros, P.A. (Doc. 47).

**I.   BACKGROUND**

Defendant United Healthcare Insurance Company ("United") is the insurer and administrator of the Renaud, Cook, Drury, Mesaros, P.A. Welfare Benefit Plan ("Plan"), which is an employee-sponsored benefit and welfare plan. In January 2013, Plaintiff Aviation West Charters, Inc., provided medical air and ground transport services for a beneficiary of the Plan. Plaintiff submitted post-service claims to United seeking payment of $682,510.00 for the transportation services it provided. Although United denied the claims, in July 2013, it made payments to Plaintiff in the amounts of $374,328.81 and $187,413.11 related to the transportation services. In December 2013, United informed Plaintiff that it was recouping the amounts paid for the transportation

services by reducing the amount of funds that were otherwise payable to Plaintiff for other claims it had submitted to United.

On February 20, 2014, Plaintiff initiated this lawsuit, alleging subject matter jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e) and (f). The Complaint asked the Court to declare that Defendants violated certain ERISA requirements, enjoin Defendants from continuing to pursue recoupment efforts against Plaintiff related to the Beneficiary claims, order Defendants to return to Plaintiff all monies recouped, and other relief. On November 10, 2014, the Court granted summary judgment against Plaintiff on any federal law claims, finding that Plaintiff did not have a cause of action under ERISA because it is not a plan participant, beneficiary, or fiduciary and did not have a valid assignment of benefits from the Beneficiary under the Plan. (Doc. 45.) The Court further explained, "This conclusion does not foreclose any state law claim, such as one for unjust enrichment, for which the Court declines to exercise supplemental jurisdiction." (*Id.*)

United requests an attorneys' fee award under 29 U.S.C. § 1132(g)(1) in the amount of $65,301.50. (Doc. 49.) Defendants Renaud, Cook, Drury, Mesaros, P.A. Welfare Benefit Plan ("Plan") and Renaud, Cook, Drury, Mesaros, P.A. ("Plan Administrator") seek an award of attorneys' fees under 29 U.S.C. § 1132(g)(1) in the amount of $3,080.00. (Doc. 47.)

**II.    LEGAL STANDARD**

Under 29 U.S.C. § 1132(g)(1), a court in its discretion may award a reasonable attorneys' fee and costs of an action under ERISA to any party. Although the statute vests judges with broad discretion, the discretion is not unlimited. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Before fees may be awarded under § 1132(g)(1), a fees claimant must show "some degree of success on the merits," which requires more than "trivial success on the merits" or a "purely procedural victory." *Id.* The court may award fees without lengthy inquiry into whether a party's success was

substantial or on a central issue if the court can fairly call it "some success on the merits." *Id.*

If a district court concludes that the fees claimant has achieved "some degree of success on the merits," the court must consider the *Hummell* factors before exercising discretion to award fees. *Simonia v. Glendale Nissan/Infinity Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010). The *Hummell* factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). "However, no single *Hummell* factor is necessarily decisive." *Simonia*, 608 F.3d at 1122.

## III. ANALYSIS

### A. Defendants May Seek Fees Under 29 U.S.C. § 1132(g)(1).

Plaintiff contends that none of the Defendants may seek fees under 29 U.S.C. § 1132(g)(1) because the statute applies only to an action "brought by a participant, beneficiary, or fiduciary" and the Court ruled that Plaintiff is not a plan participant, beneficiary, or fiduciary because it did not have a valid assignment of benefits under the Plan. Plaintiff initiated this action under ERISA, claiming to be a beneficiary based on an assignment of benefits. The fact that Plaintiff failed to prove beneficiary status does not oust the Court's discretion to award fees under ERISA.

### B. Defendants Achieved "Some Success on the Merits."

Where an ERISA claim "rises and falls" on determination of the claimant's status as participant, beneficiary, or fiduciary, the determination is merits-based. *See id.* at 978 (determination of the plaintiff's status goes to the merits of its claim, even if it results in dismissal). Therefore, United succeeded on the merits by obtaining dismissal of Plaintiff's ERISA action.

The Plan and Plan Administrator did not move for summary judgment or join in United's motion for summary judgment, and the success they obtained was not a result of their efforts or on the merits of their positions. Because a fees claimant must show "some degree of success on the merits," which requires more than "trivial success on the merits" or a "purely procedural victory" before fees may be awarded under § 1132(g)(1), the Court may not award fees and costs to the Plan and Plan Administrator. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Alternatively, if the Plan and Plan Administrator can claim success on the merits because of United's success, they will be denied a fee award for same reasons that apply to United.

### C. The *Hummell* Factors Weigh Against a Fee Award.

Having concluded that United achieved "some success on the merits," the Court considers the five *Hummell* factors.

#### 1. The Degree of the Opposing Party's Culpability or Bad Faith

To avoid a finding of bad faith under the *Hummell* factors, a plaintiff must have a reasonable belief that it could prove an actionable ERISA claim. *Cline v. Indus. Maintenance Eng'g & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000).

Defendants assert that Plaintiff acted in bad faith by needlessly prolonging the litigation after United informed Plaintiff about the Plan's anti-assignment provision and after the case management conference during which the Court questioned the viability of Plaintiff's cause of action under ERISA. However, Plaintiff was entitled to obtain the Court's determination of the effect of the Plan's anti-assignment provision after full briefing and thorough consideration of Plaintiff's arguments regarding waiver and ambiguity. Under the circumstances of this case, including United paying some non-participant providers directly without affirmatively consenting to assignments, United paying some of Plaintiff's claims after denying them, and United recouping some of the payments by withholding payments to Plaintiff on unrelated claims, Plaintiff's arguments were not plainly foreclosed. Thus, the *Hummell* factor of culpability or bad faith weighs against awarding fees and costs.

### 2. The Ability of the Opposing Party to Satisfy an Award of Fees

Plaintiff has submitted a declaration by its chief financial officer stating that a judgment of $65,301.50 would cause an "undue financial burden" to the company. There is no evidence regarding the extent of such a burden. This factor weighs neither in favor of nor against awarding fees and costs.

### 3. Whether an Award of Fees Against the Opposing Party Would Deter Others from Acting Under Similar Circumstances

Defendants contend fees should be awarded to deter similar frivolous actions, but this action was not frivolous. Plaintiffs contend a fee award would have a chilling effect on others enforcing their rights under ERISA, but non-participant health care providers with colorable derivative claims for substantial amounts likely will not be deterred. This factor weighs neither in favor of nor against awarding fees and costs.

### 4. Whether the Parties Requesting Fees Sought to Benefit All Participants and Beneficiaries of an ERISA Plan or to Resolve a Significant Legal Question Regarding ERISA

United contends that it defended its actions to ensure that funds were not inappropriately disbursed for services not covered by the Plan and that the preservation of Plan resources inures to the benefit of the remaining plan participants. United previously submitted a declaration stating that it is the insurer and administrator of the Plan. It is unclear to what extent United's efforts in this action directly benefit the Plan participants beyond the generalized cost savings that an insurer may pass on to its insureds. No significant legal question regarding ERISA was, or was expected to be, resolved. This factor weighs neither in favor of nor against awarding fees and costs.

### 5. The Relative Merits of the Parties' Positions

Defendants prevailed in this litigation on the merits of Plaintiff's ERISA claim in this action. The Court did not decide the relative merits of the parties' positions regarding any state law claims Plaintiff may bring to recover compensation for the services it provided. This *Hummell* factor weighs in favor of awarding fees and costs to United.

Having considered the *Hummell* factors, the Court declines to exercise its discretion under 29 U.S.C. § 1132(g)(1) to award fees and costs to any party.

IT IS THEREFORE ORDERED that Defendant United Healthcare Insurance Company's Motion for Attorneys' Fees (Doc. 49) and the Motion for Attorneys' Fees of Defendants Renaud Cook Drury Mesaros, P.A. Welfare Benefit Plan and Renaud Cook Drury Mesaros, P.A. (Doc. 47) are denied.

Dated this 12th day of January, 2015.

_____
Neil V. Wake
United States District Judge